# DONOVAN v. MAHONEY.

EQUITY; WILLS; ACTIONS; CLOUD ON TITLE.

1. Equity will not assume jurisdiction to construe wills except as an incident of its general jurisdiction over trusts; and heirs at law and devisees who claim a mere legal estate will not be allowed to come into a court of equity for the sole purpose of obtaining a construction of a will, but must assert their title by legal action, or, if in possession, await an attack by hostile claimants.  (Following *Jordan* v. *O'Brien*, 33 App. D. C. 189.)

2. A bill in equity by the heir at law of a decedent against the grantees named in certain deeds, to remove the cloud from title alleged to have been created by the deeds which were executed by the decedent before his death, but not delivered by their custodian until thereafter, is not only prematurely brought, but shows no such interest in the property involved as will entitle the plaintiff to maintain the suit, where it appears that whether the grantees in the deeds will take the property under the will of the testator will depend upon a construction of the will, and the will has not been admitted to probate.

No. 2919.  Submitted October 6, 1916.  Decided December 4, 1916.

HEARING on an appeal by the defendants from a decree of the Supreme Court of the District of Columbia in favor of the plaintiff in a suit in equity to remove the cloud from title to real estate alleged to have been created by certain deeds claimed to be invalid.  *Reversed.*

The COURT in the opinion stated the facts as follows:

This appeal is by defendants below, William J. Donovan, John Joseph Mahoney, Mary Virginia Mahoney, Katherine Rosie Mahoney, Lawrence Hugh Mahoney, infants, by Rosie M. Brady, their guardian *ad litem,* from a decree declaring

NOTE.—On equity jurisdiction of bills for the construction of wills of real property passing only legal estates, see note in 15 L.R.A.(N.S.) 599.

certain deeds to real estate void and removing the cloud from plaintiff's alleged title, created by the recording of said deeds.

It appears that the grantor in the deeds, William L. Mahoney, father of plaintiff, John L. Mahoney, went to a notary for the purpose of having his will drawn, taking with him a memorandum containing a description of his real estate and a designation of the persons to whom he desired to devise and bequeath his property, both real and personal. The notary advised him to make a will disposing of his personal property only, and to convey his real estate by deeds directly to the several beneficiaries, said deeds to be delivered at his death.

The deeds, four in number, embracing all of his real estate, were executed in the usual form of warranty deeds, without any intrinsic indication of an intention to make a testamentary disposition of the property thereby conveyed. Shortly thereafter, and on the same day, his will disposing of the personal property was executed, containing in the fifth paragraph the following reference to the deeds in question: "My real estate I have disposed of by deeds in fee simple, to Lawrence H. Mahoney, William J. Mahoney, Rosa M. Brady and Ruth Mahoney, and said deeds are to be delivered to my beneficiaries after my decease by the executor of this will." The deeds and will were placed in separate sealed envelops, the envelop containing the will being addressed to the executor named therein, and each of the remaining envelops being addressed to the grantee named in the deed therein inclosed. The envelops were then inclosed in a single envelop, which was sealed and delivered by the testator to his priest, Reverend O'Brien, with the following letter of instructions:

My dear Father:

Having made my will relative to my personal property, and disposed of my real estate by deeds, all of which are inclosed in a sealed package and desirous to place them in safe custody having no secure place in my abode, I would most respectfully request to place said package in your care, and at my demise, you are hereby authorized to open said package, and kindly

deliver the inclosed envelops to the persons to whom they are addressed.

Including a devise to St. Peter's Church for Masses for the repose of my soul of $200.

In order that there may be no question as to your authority to open the above-mentioned package and distribute the contents, I have subscribed my name to this letter before a notary public this 15th day of December, A. D. 1913.

William L. Mahoney.

Subscribed to before me by the above-named William L. Mahoney this 15th day of December, A. D. 1913.

John H. King,

(Notarial seal.)     Notary Public, District of Columbia.

The testator died some sixteen months later, and the deeds and will were delivered by the custodian to the executor as directed in the will.

The case turned below upon the validity of the delivery of the deeds, the court holding that there was not a valid delivery; hence, the decree appealed from.

*Mr. James S. Easby-Smith* and *Mr. Ralph B. Fleharty* for the appellants.

*Mr. George C. Gertman* and *Mr. John Ridout* for appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

At the outset we are confronted with the important question of the right of plaintiff to maintain this action. The suit here is to cancel the deeds and remove an alleged cloud from plaintiff's title. It is elementary that before he is entitled to be heard his own title must be undisputed. But it is questioned by the admitted facts of this record. The fifth paragraph of the will raises a very serious question as to whether there was not a testamentary devise of the real estate to the grantees in the deeds. This question involving a construction of the will,

has not been raised in the present suit, and, indeed, it cannot be. "A careful examination of the adjudged cases leads to the conclusion that the doctrine in harmony with principle and sustained by the weight of authority is that equity will not assume jurisdiction to construe wills except as an incident of the general jurisdiction over trusts; and that heirs at law and devisees who claim a mere legal estate will not be allowed to come into a court of equity for the sole purpose of obtaining a construction of a will, but must assert their title by legal action, or, if in possession, await an attack by hostile claimants." *Jordan* v. *O'Brien,* 33 App. D. C. 189.

It appears that the will has not been probated, but is held up in the probate court awaiting the determination of a caveat filed by plaintiff. If the will should be held invalid, then will plaintiff, as sole heir of William L. Mahoney, be in position to question the validity of the deeds. If, however, the will should be sustained, then the construction of paragraph five mustt be had to ascertain whether the real estate passed to the grantees in the deeds by testamentary devise. If it did, the present issue becomes unimportant; if it did not, then, and not until then, will plaintiff be in position to assert such title as would give him standing to assail the validity of the deeds. It is clear that this action is not only premature, but that plaintiff has at present no such interest in the property in issue as to enable him to maintain this suit.

The decree is reversed with costs, and the cause remanded with instructions to dismiss the bill without prejudice to the right of plaintiff to institute further proceedings in the event his title as sole heir of William L. Mahoney may be established.

*Reversed and remanded.*